# EXHIBIT D

Filed 5/5/2025 10:50 AM
Joanna Staton, District Clerk
District Court - Bell County, TX
by Melissa Wallace , Deputy

COPY

CAUSE NO. 25DCV353641

| | | |
|---|---|---|
| **NEIL RUSSELL** *Plaintiff* | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **v.** | § | 169th **JUDICIAL DISTRICT** |
| | § | |
| **WILLIAM FUERTE AND LEWIS TREE SERVICE** | § | |
| | § | |
| | § | |
| *Defendants* | § | **BELL COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Neil Russell (hereinafter 'Plaintiff') complaining of and against Defendants, William Fuerte and Lewis Tree Services, and files this, Plaintiff's Original Petition. In support of this cause of action, Plaintiff would show this Honorable Court as follows:

### I. DISCOVERY LEVEL

1. Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190, Plaintiff intends to conduct discovery in this case under Level 3 as proscribed by TEXAS RULE OF CIVIL PROCEDURE 190.4.

### II. PARTIES & SERVICE OF CITATION

2. Plaintiff is a natural person and was a resident of Bell County, Texas, at the time of the events made the basis of this suit.

3. **Defendant William Fuerte ("Defendant Fuerte") is an individual who is a nonresident of Texas and whose last known address is 24511 SW 129th CT, Homestead, FL 33032. Process may be obtained on Defendant Fuerte by serving him at the above listed address, or wherever found, via private process server.**

4. **Defendant Lewis Tree Services ("Defendant Lewis Tree Services") is a Foreign For-Profit Corporation doing business in the state of Texas. Process may be obtained on**

**Defendant by serving the registered agent, C T Corporation System, or any of its presidents, vice presidents, officers, or agents at 1999 Bryan St. Ste. 900, Dallas Texas 75201 or wherever found, via private process server.**

## III. JURISDICTION

5. Jurisdiction is proper in this Court because Plaintiff is entitled to damages in excess of the minimum and within the jurisdictional limits of this Court. Pursuant to the Texas Rules of Civil Procedure jurisdictional limits pleading requirements, Plaintiff affirmatively states that he seeks monetary relief over one million dollars ($1,000,000.00).

## IV. VENUE

6. Pursuant to Section 15.002(A)(1) of the TEXAS CIVIL PRACTICE & REMEDIES CODE, venue is proper in Bell County because it is the county in which all or a substantial part of the events or omissions giving rise to this claim occurred.

## V. FACTUAL BACKGROUND

7. Plaintiff incorporates herein by reference all of the facts and allegations included in the foregoing paragraphs.

8. Plaintiff brings this suit to recover damages for personal injuries sustained in a motor-vehicle collision in Bell County, Texas, on or about June 30, 2023. Said collision was proximately caused by the negligence of Defendants.

9. On June 30, 2023, Plaintiff was traveling on 1500 block of old FM 440 Rd in Killeen, Bell County, Texas. At the same time, Defendant Fuerte, a driver and employee for Defendant Lewis Trees Services, was traveling northbound behind Plaintiff, when suddenly and without warning, Defendant Fuerte failed to keep a proper lookout, failed to keep an assured clear distance, and failed to safely conduct a lane change causing a motor vehicle collision with Plaintiff's vehicle.

10. Significantly, the investigating police officer attributed fault for the collision to Defendant Fuerte's changing lane when it was unsafe, and issued him a citation for this violation. Since the date of the crash, Plaintiff has experienced significant pain and suffering as a result of the injuries he sustained, and has endured a significant decrease in his quality of life.

Investigator's Narrative Opinion of What Happened
(Attach Additional Sheets if Necessary)

On June 30, 2023 at 0916 hrs, Unit 1 was traveling northbound, behind Unit 2, in the 1500 block of Old FM 440 Rd, passing the 1300 Westover Dr. Unit 1 attempted to pass Unit 2 by going into the center turn lane. Unit 1 performed an unsafe lane change, striking Unit 2 in the back left quarter panel. Unit 2 lost control, and hit the backyard fence located to the east of the residence, to 1200 West Ln. Unit 1 was issued a citation for Unsafe Lane Change (KMC 188725).

Indicate North

Field Diagram - Not to Scale



| CHARGES | Unit Num | Prsn. Num. | Charge |
|---|---|---|---|
| | 1 | 1 | Unsafe Lane Change |
| | | | |
| | | | |

| FACTORS & CONDITIONS | 38 Contributing Factors (Investigator's Opinion) | | | | | |
|---|---|---|---|---|---|---|
| | Unit# | Contributing | | | May Have Contrib. | |
| | 1 | 4 | | | | |
| | | | | | | |

## VI. RESPONDEAT SUPERIOR

11. Plaintiff incorporates herein by reference all of the facts and allegations included in the foregoing paragraphs.

12. At all times material hereto, all agents, servants, and/or employees of Defendant Lewis Tree Services were acting within the course and scope of employment and/or official duties. Furthermore, at all times material hereto, all agents, servants, and/or employees of Defendant Lewis Tree Services were acting in furtherance of the duties of their office and/or employment. Therefore, Defendant Lewis Tree Services is responsible for all damages resulting from the negligent acts and/or omissions of its agents, servants, and/or employees pursuant to the Doctrine of Respondeat Superior.

## VII. NEGLIGENCE – DEFENDANT FUERTE

13. Plaintiff incorporates herein by reference all of the facts and allegations included in the foregoing paragraphs.

14. Plaintiff alleges that, upon the occasion in question, Defendant Fuerte failed to use ordinary care in operating a vehicle in at least one or more of the following ways:

    a. Failing to keep a proper lookout;
    b. Failing to pay adequate attention;
    c. Failing to use due caution; and
    d. Striking another vehicle, causing serious personal injuries.

15. Each and all of the above stated acts and/or omissions constitute negligence and the same are a direct and proximate cause of the injuries, harms and damages sustained by Plaintiff.

## VIII. NEGLIGENCE – DEFENDANT LEWIS TREE SERVICES

16. Plaintiff incorporates herein by reference all of the facts and allegations included in the foregoing paragraphs.

17. Plaintiff further alleges that, on or about the occasion in question, Defendant Lewis Tree Services owned the vehicle that was operated by Defendant Fuerte. Defendant Fuerte was in possession of said vehicle with the express consent of Defendant Lewis Tree Services.

18. Defendant Lewis Tree Services entrusted its vehicle to Defendant Fuerte for the purpose of operating said vehicle on the public streets and highways of Texas, and Defendant Fuerte operated it with the knowledge, consent, and permission of Defendant Lewis Tree Services. At such time, Defendant Fuerte was incompetent and unfit to safely operate a motor vehicle on the public streets and highways of Texas. Defendant Lewis Tree Services, knew or should have known in the exercise of due care, that Defendant Fuerte was an incompetent and unfit driver and would create an unreasonable risk of danger to persons and property on the public streets and highways of Texas at the time of entrustment. Defendant Lewis Tree Services' negligence on June 30, 2023 proximately caused Plaintiff's damages.

19. Plaintiff also alleges that, upon the occasion in question, Defendant Lewis Tree Services was negligent for failing to use ordinary care by various acts and omissions in at least one of the following ways:

a. Negligent Training.

(1) Failure to provide the necessary training to Defendant Fuerte regarding the proper and safe operation and maintenance of the vehicle under the circumstances at issue.

(2) Failure to properly train Defendant Fuerte regarding all aspects of driver safety.

(3) Failure to train Defendant Fuerte regarding safe and proper operation of a vehicle trailer such as a person or company using ordinary care would

have done in the same or similar circumstances.

(4) Such other and further acts of negligence as may be shown in this cause as discovery progresses.

b. Negligent Supervision, Retention, and Monitoring.

(1) Failure to monitor Defendant Fuerte to make sure that he complied with policies and procedures.

(2) Failure to implement policies and procedures for Defendant Fuerte regarding proper and safe truck operation.

(3) Failure to require Defendant Fuerte to comply with the Texas and Federal Motor Carrier Safety Regulations, the Texas Commercial Motor Vehicle Driver's Handbook, the Texas Transportation Code and other such commonly accepted safe driving practices commonly exercised by commercially licensed drivers.

(4) Such other and further acts of negligence as may be shown in this cause as discovery progresses.

c. Negligent Entrustment.

(1) Providing a commercial vehicle to Defendant Fuerte who was not trained properly and did not have the proper education, background, training, experience, or driving history to safely operate the vehicle, and who was an unsafe driver.

(2) Such other and further acts of negligence as may be shown in this cause as discovery progresses.

d. General Negligence.

(1) Failure to comply with their own policies, procedures, and standards.

(2) Failure to ensure that Defendant Fuerte complied with their policies, procedures, and standards.

(3) Failure to implement and adopt proper policies and procedures.

(4) Failure to require Defendant Fuerte to comply with the Texas Transportation Code, Texas Motor Carrier Safety Regulations, and Federal Motor Carrier Safety Regulations.

(5) Such other and further acts of negligence as made be shown in this cause

as discovery progresses.

20. Each and all of the above stated acts and/or omissions constitute negligence and the same are a direct and proximate cause of the very serious injuries and damages sustained by Plaintiff.

## IX. DAMAGES

21. Plaintiff incorporates herein by reference all of the facts and allegations included in the foregoing paragraphs.

22. Plaintiff would show that, as a direct and proximate result of the above-mentioned collision, he sustained significant personal injuries and damages, including but not limited to the following:

a. Past and future physical pain and suffering;

b. Past and future mental anguish;

c. Past and future medical expenses;

d. Past and future physical impairment; and

e. Past and future loss of enjoyment of life.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer and that on final hearing Plaintiff has judgment against Defendants for an amount within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as provided by law, costs of court, and for such other and further relief, at law or in equity to which Plaintiff is justly entitled.

Respectfully Submitted,

THE CARLSON LAW FIRM, P.C.

100 E. Central Texas Expressway
Killeen, Texas 76541
Phone: (254) 526-5688
Fax: (254) 526-8204

Blake A. Matthys
SBN: 24106260
bmatthys@carlsonattorneys.com
Michael G. Erskine
SBN: 24036530
merskine@carlsonattorneys.com
E-Service: efilekpi@carlsonattorneys.com
**ATTORNEYS FOR PLAINTIFF**